**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SANDI HATHCOTE VAUGHAN**                                                         **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO: 1:09cv293**

**CARLOCK NISSAN OF TUPELO, INC.
and CORBETT HILL**                                                       **DEFENDANTS**

## ORDER

On August 18, 2011, this Court entered an Order [154] granting summary judgment in favor of the Defendants as to Plaintiff's claims for termination in violation of Mississippi public policy, for tortious interference with employment, and for retaliation under the FLSA. The Court denied summary judgment as to Plaintiff's claim for unpaid overtime wages pursuant to the FLSA. Currently pending before the Court now is Plaintiff's Motion to Certify Judgment as Final and to Stay Remaining Claim [156]. After reviewing the motion and response, the Court denies Plaintiff's motion.

*Final Judgment under Rule 54(b)*

Federal Rule of Civil Procedure 54(b) provides for entry of a final judgment as to some but not all claims in a lawsuit "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 9, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). As a threshold matter, the Court exercises its sound discretion in determining whether "there is no just reason for delay." See Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992). To make this determination, the Court balances the cost and inconvenience of piecemeal review and the danger of injustice from delay. See Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992). Accordingly, one factor

the Court must consider is whether the Fifth Circuit would have to decide the same issues more than once if there were subsequent appeals. See H & W Indus., Inc. v. Formosa Plastics Corp., 860 F.2d 172, 175 (5th Cir. 1988). Avoidance of piecemeal appeals is "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification." See PYCA Indus., Inc. v. Harrison County Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) motions are disfavored and should be granted only when necessary to avoid injustice. Id. (citation omitted). Indeed, such motions "should not be entered routinely as a courtesy to counsel." Id. Rather, "[a] district court should grant certification [in a Rule 54(b) case] *only* when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (citation omitted) (emphasis added).

Here, Plaintiff has presented no evidence or justification warranting the application of Rule 54(b). Plaintiff's rationale as to why the Court should enter a Rule 54(b) judgment is that

> The only remaining claim in this case is Plaintiff's claim for unpaid overtime wages pursuant to the FLSA. This claim, however, involves a minimal amount of unpaid overtime wages. This claim has a slight amount in controversy compared to the claims which have been dismissed . . . It would be inefficient for all parties and the Court to conduct a trial on Plaintiff's small remaining FLSA claim without resolution of Plaintiff's appeal regarding the dismissal of her other significant claims.

Thus, Plaintiff's justification for entry of final judgment and application of a stay pending appeal is because Plaintiff's only remaining claim is narrow and only worth a small monetary amount.[1] Plaintiff's only other justification for certification is that delay could present the possibility of two trials in this case: one as to Plaintiff's "small" FLSA claim, and another as to Plaintiff's other "significant" claims in the event that this Court is reversed on appeal.

---

[1] Plaintiff cites to no authority establishing that the smaller the monetary amount of a claim, the more likely Rule 54(b) should be granted.

2

In contrast, the Defendants counter and assert that there is no danger of hardship that could possibly be alleviated by an immediate appeal, as trial is only approximately a month away and, once it is concluded, Plaintiff may appeal all of the issues in the case. Defendants also contend that piecemeal appeals could result if Plaintiff's motion is granted, as – after trial in this case – Plaintiff can then again appeal any decision concerning her overtime wages under the FLSA. Further, Defendants contend that all of Plaintiff's claims stem from her employment at Carlock Nissan of Tupelo, Inc., and her subsequent termination from Carlock's employment in June 2009. Thus, according to Defendants, one appeal as to all issues – after trial – will be more efficient.

The Court agrees with the Defendants that Plaintiff has failed to demonstrate that there is "no just reason for delay." Discovery is complete and most of this case has already been litigated and adjudicated. Only trial on Plaintiff's narrow FLSA claim is left for adjudication. See Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC, 730 F. Supp. 2d 552, 567 (E.D. La. 2010) (denying Rule 54(b) motion when discovery was complete, most of the case was already litigated, trial was only a month away, and only a narrow issue was left for adjudication); see also Saucier v. Coldwell Banker JME Realty, 2007 WL 2746785, at *2 (S.D. Miss. 2007) (denying Rule 54(b) motion when trial was set to commence in less than one month, thus reasoning that "any delay . . . [would] be minimal"). Further, as Defendants point out, the claims in which Plaintiff wishes to immediately appeal arise from the same essential facts as the claim remaining for adjudication before the Court. See Saucier, 2007 WL 2746785, at *2 (citing to Eldredge v. Martin Marietta Corp., 207 F.3d 737, 741-42 (5th Cir. 2000) (finding that piecemeal appeals or litigation would result if certification was allowed when the claims all stemmed from the same essential facts). Moreover, the unresolved issues pending for trial could result in a later

appeal and, therefore, contrary to Plaintiff's suggestion, there is a danger of piecemeal review in the appellate court. See Ordemann v. Livingston, 2007 WL 1651979, at *2 (E.D. La. June 7, 2007). Rule 54(b) requests should not be granted routinely. The Court only grants certification under Rule 54(b) when a party demonstrates some danger of hardship or injustice through delay that would be alleviated by an immediate appeal. Pyca Industries, Inc. v. Harrison County Waste Water Mgmt. Dis., 81 F.3d 1412, 1421 (5th Cir. 1996). Here, there is no suggestion that Plaintiff will suffer hardship or injustice by waiting one month to appeal this Court's summary judgment rulings.[2] Accordingly, Plaintiff's motion is denied.

*Stay Pending Appeal*

Having decided to not enter a partial final judgment under Rule 54(b), it is not necessary for the Court to consider staying further proceedings.

SO ORDERED on this, the __21st____ day of September, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[2] While Plaintiff asserts that two trials could result in this case if the Court does not enter a final judgment under Rule 54(b) and stay the remaining claim, the same is true for almost all cases in which a court grants in part and denies in part a summary judgment motion, and the losing party subsequently decides to appeal after trial.

4